59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sanjay KOHLI, Petitioner,
v.
COMMODITY FUTURES TRADING COMMISSION, Respondent.
 No. 93-70990.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1995.*
Decided June 12, 1995.
 
 Petition for Review of an Order of the Commodity Futures Trading Commission, CFTC No. CRAA-93-02.
 CFTC
 PETITION DENIED.
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Kohli petitions us to set aside the Commodity Futures Trading Commission's (CFTC) summary affirmance of the National Futures Association's (NFA) decision denying his application for registration as an "associated person" (AP) with Strauss & Company, Inc., an introducing broker engaged in soliciting and accepting orders for the purchase or sale of commodity futures. We have jurisdiction pursuant to 7 U.S.C. Secs. 9, 21(o)(4). We deny Kohli's petition.
 
 
 2
 Section 8a(2)(C)(ii) of the Commodity Exchange Act (Act) provides that if someone has been permanently enjoined from "engaging in or continuing any activity where such activity involves ... any transaction in or advice concerning contracts of sale of a commodity for future delivery," that person may be denied AP registration. See 7 U.S.C. Sec. 12a(2)(C)(ii). Section 8a(2)(E) of the Act provides that anyone "within ten years preceding the filing of the application" for AP status that "has been found in a proceeding brought by ... [a] State ... (i) to have violated [a State security statute involving] ... fraud" may be denied AP status. See 7 U.S.C. Sec. 12a(2)(E). Kohli is subject to a permanent injunction in Idaho from "[s]elling or offering for sale" unregistered securities and from "[m]aking any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made ... not misleading." Kohli was also ordered to cease and desist from selling "securities within Arizona through material misrepresentation and omissions of material fact which constituted a fraud upon both prospective and actual investors."
 
 
 3
 Kohli does not dispute this. Rather, he argues only that the state court pronouncements in Idaho and Arizona merely require him to comply with the existing law, but do not forbid him from selling securities in compliance with law. The argument is specious. It is true that the injunction and cease and desist order forbid him from violating, respectively, Idaho and Arizona law. But that Kohli has already violated those laws in the past are grounds, under 7 U.S.C. Sec. 12a(2), for the NFA to refuse to allow him AP status. The NFA's interpretation of these provisions is reasonable, and we will not disturb it. See Lawrence v. CFTC, 759 F.2d 767, 772 (9th Cir.1985) (Lawrence ) (CFTC's interpretation of its authority under the Act deserves substantial deference); CFTC v. P.I.E., Inc., 853 F.2d 721, 724 (9th Cir.1988) (same). Therefore, Kohli was statutorily disqualified from receiving AP registration.
 
 
 4
 Having concluded that Kohli was statutorily disqualified, the NFA could have nevertheless chosen to allow Kohli AP status, or to give him AP status with certain supervisory restrictions, if Kohli had shown "through evidence of mitigation or rehabilitation, that the public interest would not be served" by denying him such status. Lawrence, 759 F.2d at 775. "But the burden on [Kohli] to persuade the [NFA or CFTC] that he should receive no [sanction] was substantial." Id.
 
 
 5
 Kohli presented mitigating evidence to the effect that he had received bad advice from his past employers regarding the legality of his actions. The NFA found, however, that Kohli was highly educated and that it was unreasonable for him, upon learning of the pending actions in Idaho and Arizona, not to follow-up independently to make sure the matters were resolved rather than relying exclusively on his employers to take care of the situation. This, the NFA concluded, demonstrated a "careless disregard of his responsibilities."
 
 
 6
 For rehabilitative evidence, Kohli testified that he had not been the subject of complaints for several years and that he engaged in charitable activities. He also presented two character letters and a character witness. The NFA found the letters nonspecific and discredited the witness, Stewart Wilson, because he had a pending cease and desist order from Montana for violating that State's securities laws and had failed to disclose this fact to the NFA.
 
 
 7
 If the factual findings of the NFA are supported by the weight of the evidence, e.g. "the preponderance," then those findings are conclusive. "Moreover, credibility determinations made by [NFA] are given great deference and upheld unless they are inherently incredible or patently unreasonable." Dohmen-Ramirez v. CFTC, 837 F.2d 847, 856 (9th Cir.1988); Lawrence, 759 F.2d at 773; see also 7 U.S.C. Sec. 9 (setting forth standard of review). The NFA's findings on mitigation and rehabilitation are not unreasonable. Kohli has failed to meet his heavy burden, and the NFA and the CFTC did not act irrationally or arbitrarily in denying Kohli AP status. Moreover, Kohli's argument that the NFA's use of the Montana cease and desist order against Wilson was inherently unfair is without support in the law, and denial of registration was not an abuse of discretion. Lawrence, 759 F.2d at 774-75 & n. 15.
 
 
 8
 PETITION DENIED.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4